UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
ADRIAN ANDREW BRIAN BROWN     :
                              :
     v.                       :     Case No.  3:09cv2124(CFD)
                              :
BALBENA SMICLE                :
```

## RULING AND ORDER

Plaintiff has filed a civil action against his mother, Balbena Smicle, *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  For the reasons that follow, the complaint will be dismissed.

Under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), the court may dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

   Plaintiff alleges that since September 5, 2008, his mother has "sponsor[ed]" him "in the United States."  He has paid his mother rent to live in her house.  He has complained to his mother about the living conditions.

   On June 23, 2009, plaintiff's sister stabbed him with a pair of scissors, plaintiff called the police and the police arrested his sister.  When plaintiff returned from work that day, his mother had thrown his belongings out of the house.  His mother informed him that he should not have called the police to come to her house.  She then forced him to move to the basement of the house and refused to clean it up for him.

   One day, plaintiff came home and his belongings had been thrown outside and the locks on the house had been changed. Plaintiff called the police and they informed his mother that she

could not lock the plaintiff out of the house.  Plaintiff's mother has started the process of evicting plaintiff from her home.

Plaintiff has been unable to qualify for public assistance or low income housing in the City of Hartford.  There are days when the plaintiff does not eat.  Plaintiff seeks to get his GED this month to enable him to get a better job when the economy recovers.  He seeks assistance from the court.

Plaintiff has not invoked any basis for federal question jurisdiction.  Even if the court were to construe the complaint as having been brought pursuant to 42 U.S.C. § 1983, plaintiff must allege facts showing that the defendant, a person acting under color of state, law deprived him of a federally protected right.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982).

Private parties are not generally liable under section 1983.  In Lugar, the Supreme Court set forth a two-part test to determine when the actions of a private party may be attributed to the state so as to make the private party subject to liability under section 1983.  First, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible."  Lugar, 457 U.S. at 937.  "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.  This may be because he is a

state official, because he has acted together with or obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.* *See also Dahlberg v. Becker*, 748 F.2d 85, 89 (2d Cir. 1984) ("to establish deprivation of a federally protected right there must be both 'state action' and a 'state actor'"), *cert. denied*, 470 U.S. 1084 (1985).

Plaintiff has alleged no facts suggesting that mother is a state actor. Thus, he fails to establish a factual basis for a claim that is cognizable under section 1983. The claims against the defendant are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court concludes that plaintiff would not be able to amend his complaint to correct this deficiency.

In addition, the complaint does not allege facts sufficient to invoke this court's diversity jurisdiction.

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state as plaintiff and citizens of a State or of different States. For purposes of this section, ... an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled. . . . ."

28 U.S.C. § 1332(a). A person's citizenship for purposes of diversity jurisdiction is his domicile, which is defined as the

4

state in which a person is both present and intends to remain for the indefinite future. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  A party's domicile is assessed as of the date the lawsuit was filed, which in this case is December 28, 2009.  *See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir.2009) (citation omitted) (to determine diversity jurisdiction "it must be determined whether at the time the present action was commenced there was diversity jurisdiction, that is, whether [one party] was a citizen of- i.e., domiciled in-a state other than the state" of which the opposing party is a citizen).

Plaintiff provides no address for the defendant.  Thus, it is unclear where the defendant is domiciled.  Plaintiff provides an address for himself in Hartford, Connecticut.  Plaintiff also asserts that his mother sponsors him in this country and that an immigration attorney has given him legal advice.  Thus, it is apparent that plaintiff is or was an alien, but it is unclear as to whether he has "been admitted to the United States for permanent residence," such that he would be considered a citizen of Connecticut.  28 U.S.C. § 1332(a) ("an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled. . . . .").  The facts, as alleged, do not provide sufficient information as to whether diversity of citizenship exists between the plaintiff and

defendant.  Even if there were diversity of citizenship, the plaintiff has failed to meet the amount in controversy requirement.  Plaintiff seeks no monetary relief from the defendant.  Thus, plaintiff has not stated a claim based on diversity of citizenship.

IV. <u>Conclusion</u>

The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) ii).  The court declines to exercise supplemental jurisdiction over any state law claims.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts).

If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3)(2000).  The Clerk is directed to send a copy of this Order to the plaintiff, enter judgment for the defendant and close this case.

**SO ORDERED** this 26th day of January, 2010, at Hartford, Connecticut.

<u>/s/ Christopher F. Droney</u>

Christopher F. Droney
United States District Judge